UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
STEPHEN GRAY, individually and on                :
behalf of all others similarly situated,         :
                                                 :
           Plaintiff,                            :   Civil Action No: 07 Civ. 9790 (SHS)
v.                                               :
                                                 :
CITIGROUP INC., CHARLES PRINCE,                  :
THE PLANS ADMINISTRATIVE                         :
COMMITTEE OF CITIGROUP INC.,                     :
THE 401(k) INVESTMENT                            :
COMMITTEE, and JOHN DOES 1 - 20,                 :
                                                 :
           Defendants.                           :
-------------------------------------------------x
SHAUN ROSE, Individually and On                  :
Behalf of All Others Similarly Situated,         :
                                                 :
           Plaintiff,                            :   Civil Action No: 07 Civ. 10294
v.                                               :
                                                 :
CITIGROUP INC., CHARLES PRINCE,                  :
THE PLANS ADMINISTRATIVE                         :
COMMITTEE OF CITIGROUP INC.,                     :
THE 401(k) INVESTMENT                            :
COMMITTEE, and JOHN DOES 1 - 10,                 :
                                                 :
           Defendants.                           :
-------------------------------------------------x
MEREDITH TRANBERG, individually                  :
and on behalf of all others similarly situated   :
                                                 :
           Plaintiff,                            :   Civil Action No: 07 Civ. 10341
v.                                               :
                                                 :
CITIGROUP INC., CHARLES PRINCE,                  :
THE PLANS ADMINISTRATIVE                         :
COMMITTEE OF CITIGROUP INC.,                     :
THE 401(k) INVESTMENT                            :
COMMITTEE, and JOHN DOES 1 - 20,                 :
                                                 :
           Defendants.                           :
-------------------------------------------------x
```

```
---------------------------------------------------x
ANTON RAPPOLD, individually and on      :
behalf of all others similarly situated, :
                                        :
        Plaintiff,                      :   Civil Action No: 07 Civ. 10396
v.                                      :
                                        :
CITIGROUP INC., CITIBANK, N.A.,         :
CHARLES PRINCE, THE PLANS               :
ADMINISTRATIVE COMMITTEE OF             :
CITIGROUP INC., THE 401(k)              :
INVESTMENT COMMITTEE, and JOHN          :
and JANE DOES 1 - 10,                   :
                                        :
        Defendants.                     :
---------------------------------------------------x
SAMIER TADROS, on Behalf of All         :
Others Similarly Situated,              :
                                        :
        Plaintiff,                      :   Civil Action No: 07 Civ. 10442
v.                                      :
                                        :
CITIGROUP INC., CHARLES O.              :
PRINCE, C. MICHAEL ARMSTRONG,           :
ALAIN J.P. BELDA, GEORGE DAVID,         :
KENNETH T. DERR, JOHN M. DEUTCH,        :
ROBERTO HERNANDEZ RAMIREZ,              :
ANN DIBBLE JORDAN, KLAUS                :
KLEINFELD, ANDREW N. LIVERIS,           :
ANNE MULCAHY, RICHARD D.                :
PARSONS, JUDITH RODIN, ROBERT E.        :
RUBIN, ROBERT E. RUBIN, FRANKLIN        :
A. THOMAS, JOHN DOES 1-20 (BEING        :
CURRENT AND FORMER MEMBERS              :
OF THE PLANS ADMINISTRATIVE             :
COMMITTEE OF CITIGROUP INC.)            :
and JOHN DOES 21-40 (BEING              :
CURRENT AND FORMER MEMBERS              :
OF THE INVESTMENT COMMITTEE             :
OF THE CITIGROUP INC. 401(K) PLAN),     :
                                        :
        Defendants.                     :
---------------------------------------------------x
```

```
-------------------------------------------------------x
STEPHAN FIORINO, individually and on    :
behalf of all others similarly situated, :
                                         :
        Plaintiff,                       :   Civil Action No: 07 Civ. 10458
v.                                       :
                                         :
CITIGROUP INC., CITIBANK N.A.,           :
CHARLES PRINCE, THE PLANS                :
ADMINISTRATIVE COMMITTEE OF              :
CITIGROUP INC., THE 401(k)               :
INVESTMENT COMMITTEE, and                :
JOHN DOES 1 - 20,                        :
                                         :
        Defendants.                      :
-------------------------------------------------------x
JAMES BOLLA, individually and on behalf  :
 of all others similarly situated,       :
                                         :
        Plaintiff,                       :   Civil Action No: 07 Civ. 10461
v.                                       :
                                         :
CITIGROUP INC., CITIBANK N.A.,           :
CHARLES PRINCE, THE PLANS                :
ADMINISTRATIVE COMMITTEE OF              :
CITIGROUP INC., THE 401(k)               :
INVESTMENT COMMITTEE, and                :
JOHN DOES 1 - 20,                        :
                                         :
        Defendants.                      :
-------------------------------------------------------x
```

```
-------------------------------------------------------x
MARK GEROULO, individually, on behalf  :
of the CITIGROUP 401(k) Plan, the       :
CITIBUILDER 401 (K) PLAN FOR            :
PUERTO RICO, and all others similarly,  :
                                        :
            Plaintiff,                  :       Civil Action No: 07 Civ. 10472
v.                                      :
                                        :
CITIGROUP, INC., CITIBANK, N.A.,        :
THE PLAN ADMINISTRATIVE                 :
COMMITTEE OF CITIGROUP, INC.,           :
MICHAEL E. SCHLEIN, JOHN DOES           :
1-10, THE CITIGROUP 401(k) PLAN         :
INVESTMENT COMMITTEE and JOHN           :
DOES 10-20, C. MICHAEL                  :
ARMSTRONG, ALAN J.P. BELDA,             :
GEORGE DAVID, KENNETH T. DERR,          :
JOHN M. DEUTCH, ROBERTO                 :
HERNANDEZ, ANN DIBBLE JORDAN,           :
ANDREW N. LIVERIS, DUDLEY C.            :
MECUM, ANNE M. MULCAHY,                 :
RICHARD D. PARSONS, ANDRALL E.          :
PEARSON, CHARLES PRINCE, JUDITH         :
RODIN, ROBERT E. RUBIN, FRANKLIN        :
A. THOMAS, SANFORD I. WEILL,            :
                                        :
            Defendants.                 :
-------------------------------------------------------x
```

iv

```
------------------------------------------------------x
ALAN STEVENS, on Behalf of Himself        :
and All Others Similarly Situated,        :
                                          :
              Plaintiff,                  :    Civil Action No: 07 Civ. 11156
v.                                        :
                                          :
CITIGROUP INC., CITIBANK, N.A,            :
CHARLES PRINCE, C. MICHAEL                :
ARMSTRONG, ALAIN J.P. BELDA,              :
GEORGE DAVID, KENNETH T. DERR,            :
JOHN M. DEUTCH, PETER JOHNSON,            :
ROBERTO HERNANDEZ RAMIREZ,                :
ANDREW N. LIVERIS, ANNE                   :
MULCAHEY, RICHARD D. PARSONS,             :
JUDITH RODIN, ROBERT E. RUBIN,            :
ROBERT L. RYAN, FRANKLIN A.               :
THOMAS, THE PLANS                         :
ADMINISTRATION COMMITTEE OF               :
CITIGROUP, INC., THE INVESTMENT           :
COMMITTEE and JOHN DOES 1-30,             :
                                          :
              Defendants.                 :
------------------------------------------------------x
STEPHEN GOLDSTEIN, on Behalf of           :
Himself and a Class of Persons Similarly  :
Situated,                                 :
                                          :
              Plaintiff,                  :    Civil Action No: 07 Civ. 11158
v.                                        :
                                          :
CITIGROUP INC., THE PLANS                 :
ADMINISTRATION COMMITTEE OF               :
CITIGROUP, INC., MICHAEL E.               :
SCHLEIN, CHARLES PRINCE, C.               :
MICHAEL ARMSTRONG, ALAIN J.P.             :
BELDA, GEORGE DAVID, KENNETH T.           :
DERR, JOHN M. DEUTCH, ROBERTO             :
HERNANDEZ RAMIREZ, ANDREW N.              :
LIVERIS, ANNE MULCAHEY,                   :
RICHARD D. PARSONS, JUDITH                :
RODIN, ROBERT E. RUBIN, ROBERT L.         :
RYAN, AND FRANKLIN A. THOMAS,             :
And JOHN DOES 1-30,                       :
                                          :
              Defendants.                 :
```

```
---------------------------------------------------------x
CHRIS SOUTHARD, on Behalf of All            :
Others Similarly Situated,                  :
                                            :
        Plaintiff,                          :   Civil Action No: 07 Civ. 11164
v.                                          :
                                            :
CITIGROUP INC., CHARLES O.                  :
PRINCE, C. MICHAEL ARMSTRONG,               :
ALAIN J.P. BELDA, GEORGE DAVID,             :
KENNETH T. DERR, JOHN M. DEUTCH,            :
ROBERTO HERNANDEZ RAMIREZ,                  :
ANN DIBBLE JORDAN, KLAUS                    :
KLEINFELD, ANDREW N. LIVERIS,               :
ANNE MULCAHY, RICHARD D.                    :
PARSONS, JUDITH RODIN, ROBERT E.            :
RUBIN, ROBERT E. RUBIN, FRANKLIN            :
A. THOMAS, JOHN DOES 1-20 (BEING            :
CURRENT AND FORMER MEMBERS                  :
OF THE PLANS ADMINISTRATIVE                 :
COMMITTEE OF CITIGROUP INC.)                :
and JOHN DOES 21-40 (BEING                  :
CURRENT AND FORMER MEMBERS                  :
OF THE INVESTMENT COMMITTEE                 :
OF THE CITIGROUP INC. 401(K) PLAN),         :
                                            :
        Defendants.                         :
---------------------------------------------------------
FRANCIA BRICK, individually and on          :
Behalf of all others similarly situated,    :
                                            :
        Plaintiff,                          :   Civil Action No: 07 Civ. 11369
v.                                          :
                                            :
CITIGROUP INC., CHARLES PRINCE,             :
THE PLAN'S ADMINISTRATIVE                   :
COMMITTEE OF CITIGROUP, INC.,               :
THE 401(k) INVESTMENT COMMITTEE,            :
And JOHN DOES 1-10,                         :
                                            :
        Defendants.                         :
---------------------------------------------------------
```

```
-------------------------------------------------------x
WILLIAM and PATRICIA WOODWARD,       :
individually and on Behalf of All Others :
Similarly Situated,                  :
                                     :
            Plaintiffs,              :    Civil Action No: 07cv11207
v.                                   :
                                     :
CITIGROUP INC., CHARLES PRINCE,      :
ROBERT E. RUBIN, C. MICHAEL          :
ARMSTRONG, ALAIN J. P. BELDA,        :
GEORGE DAVID, KENNETH T. DERR,       :
JOHN M. DEUTCH, ROBERTO              :
HERNANDEZ RAMIREZ, ANDREW N.         :
LIVERIS, ANN MULCAHEY, RICHARD       :
D. PARSONS, JUDITH RODIN, ROBERT     :
L. RYAN, FRANKLIN A. THOMAS, ANN     :
DIBBLE JORDAN, KLAUS KLEINFELD       :
AND DUDLEY C. MECUM, and JOHN        :
and JANE DOES 1-10,                  :
                                     :
            Defendants.              :
-------------------------------------------------------
```

**PLAINTIFFS SHAUN ROSE AND MARK GEROULO'S REPLY IN FURTHER SUPPORT OF THEIR SUPERSEDING MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF INTERIM LEAD PLAINTIFFS, CO-LEAD COUNSEL AND LIAISON COUNSEL**

**COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.**
Lynda G. Grant  (LG-4784)
Catherine A. Torell (CT-0905)
150 East 52nd Street
Thirtieth Floor
New York, NY 10022

Marc I. Machiz
1 South Broad Street
Suite 1850
Philadelphia, PA 19107

Bruce F. Rinaldi
1100 New York Avenue, NW
Suite 500 West
Washington, DC  20005-3964

*Counsel for Plaintiffs Shaun Rose, Mark Geroulo,
and William and Patricia Woodward,
and Proposed Interim Liaison Counsel*


**SCHATZ NOBEL IZARD, P.C.**
Robert A. Izard
Mark P. Kindall
William Bernarduci (WB-5785)
20 Church St., 17th Floor
Hartford, CT 06103

*Counsel for Plaintiffs Shaun Rose and
Mark Geroulo and Proposed Interim Lead Counsel*

Plaintiffs Shaun Rose and Mark Geroulo respectfully submit this Reply to the Opposition of the Gray Plaintiffs (the "Gray Opp.") and the Opposition of Steven Goldstein (the "Goldstein Opp."). As a preliminary matter, Plaintiffs Rose and Geroulo note that Schiffrin, Barroway Topaz & Kessler ("SBTK") and Dealy & Silberstein, have withdrawn as counsel for Rose. Based on this unanticipated development, Rose and Geroulo respectfully request that they be appointed Lead Plaintiffs, that Schatz Nobel Izard, P.C. ("SNI") be appointed Lead Counsel and that Cohen, Milstein, Hausfeld & Toll P.L.L.C. ("Cohen Milstein") be appointed liaison counsel. Cohen Milstein, which has a New York office, is co-counsel in *Woodward v. Citigroup, Inc. et al.,* Civil Action No: 07 Civ. 11207 and is already actively involved in this case. Moreover, Cohen Milstein and SNI have worked closely on other similar cases.[1]

## ARGUMENT

### A.   SNI Has Superior ERISA Class Action Experience

SNI should be appointed Interim Lead Counsel because it has one of the finest track records in the country in ERISA class actions and is best able to represent the interests of the Class. Plaintiffs Shaun Rose and Mark Geroulo's Memorandum in Support of Superseding Motion for Consolidation of Related Actions and Appointment of Interim Lead Plaintiffs, Co-Lead Counsel and Liaison Counsel ("Rose and Geroulo Mem."), at 7-9; 13-15. SNI has obtained many important ERISA law decisions, establishing groundbreaking legal principles in this new and emerging area of law. *See* Supplemental Declaration of Robert A. Izard ("Supp. Dec."), ¶ 2. Two courts, including one in this district, have concluded that the results obtained by SNI are "extraordinary." Rose and Geroulo Mem. at 8, 15.

---

[1] In the *Merck ERISA Litigation*, SNI is Chair and Cohen Milstein is a member of the Lead Counsel Committee. In the *Marsh & McLennan ERISA Litigation*, SNI and Cohen Milstein are members of the Executive Committee.

Notwithstanding these many successes, the Gray Plaintiffs question the results achieved by SNI, based on only two cases. Gray Opp. at 15, fn. 22. One of these decisions – *Reliant* – is currently on appeal.[2] In the second case, *In re Electronic Data Systems Corp. ERISA Litig.*, SNI served as a member of the executive committee.[3] The plaintiffs prevailed at the District Court level on both the motions to dismiss and for class certification. *In re Electronic Data Systems Corp. ERISA Litig.,* 305 F.Supp.2d 658 (E.D.Tex. 2004); *In re Electronic Data Systems Corp. ERISA Litig.,* 224 F.R.D. 613, 34 Employee Benefits Cas. 2373 (E.D.Tex. 2004). Defendants' interlocutory appeal resulted in a remand on a relatively narrow issue, with a two-judge majority finding that the District Court's Rule 23 class certification analysis failed to adequately consider intra-class conflicts or the impact of section 404(c) of ERISA. *Langbecker v. Electronic Data Systems Corp.*, 476 F.3d 299 (5th Cir. 2007). *Langbecker* is not the catastrophe suggested by the Gray Plaintiffs, and in any event there is no basis for attributing the decision of the Fifth Circuit to some fault of SNI.

B. **Cohen Milstein Has Superior ERISA Class Action Experience**

Cohen Milstein's Employee Benefits Practice Group is headed by Marc I. Machiz, who served as the U.S. Government's chief lawyer for the enforcement of Title I of ERISA, including ERISA's fiduciary responsibility provisions, for twelve years prior to joining Cohen Milstein. This Practice Group has substantial experience in ERISA cases, including *Banyai v. Mazur*, No. 00 Civ. 980 (SHS), 2007 WL 959066, *1 (S.D.N.Y. 2007) before this Court. *See* Declaration of

---

[2] Plaintffs have strong grounds for appeal. See, Brief of the Secretary of Labor, Elaine L. Chao, as Amicus Curiae in Support of Plaintiffs Appellants, Supp. Dec. Ex. C.
[3] If the Gray Plaintiffs wish to focus on Executive Committee work, SNI notes its involvement in *Enron* which contributed to the landmark decision *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 284 F. Supp. 2d 511 (S.D. Tex. 2003). *Enron* settled for in excess of $250 million, the largest ERISA company stock case settlement ever. Supp. Dec. Ex. D. As a member of the Executive Committees, SNI did not negotiate either the Enron or Electronic Data Systems settlements. However, if Executive Committee service is to be considered, *Enron's* record settlement should be considered as well as *Electronic Data Systems*.

Marc I. Machiz ("Machiz Dec."), ¶¶ 1-6. No one can dispute the fact that Cohen Milstein is one of the most experienced ERISA class action firms in the nation.

### C. Counsel for the Gray Plaintiffs Cannot Match the Experience of SNI and Cohen Milstein

While Wolf Popper LLP ("Wolf Popper") and Harwood Feffer LLP ("Harwood") are fine firms, they simply lack the ERISA experience of SNI and Cohen Milstein. The Wolf Popper lawyers have relatively little ERISA experience. They have not been appointed lead counsel in a single ERISA class action.[4] Under Rule 23, the issue is not which firm is the oldest, but which lawyers have experience in handling "claims of the type asserted in the action" and "knowledge of the applicable law."

Harwood now identifies ten cases in which it served as lead counsel in addition to *In re Royal Dutch/Shell Transport Litigation,* No. 04-1398 (D.N.J.). Gray Opp. at 16-17. However, eight of the cases, *Alliance Capital, Bank of America, Bank One, Janus Capital, Marsh & McLennan, Strong Capital, Massachusetts Financial Services*, and *Amvescap*, are essentially one. They are part of a multi-district litigation against the mutual fund industry in which the court adopted a complicated horizontal and vertical leadership structure. Harwood does not appear to have a significant position in the overall leadership structure of the MDL proceeding. *See* [Proposed] Case Management Order No. 1, Supp. Dec. Exh. E, and PACER Docket for *In re Mutual Funds Investment Litig.,* MDL 1586 (D. Md.) (lead case 04-md-15861-CCB) (printed Jan. 9, 2008), paperless order approving the Order, docket entry 117, Supp. Dec. Exh. F.[5] While

---

[4] The Gray plaintiffs argue that it is "disingenuous" to point out that they were not appointed lead or co-lead counsel in the *AIG* case. Gray Opp., at 19 n.26. However, the difference between an interim appointment as lead counsel and the creation of a "provisional committee," as was done in *AIG*, is not trivial. Interim lead counsel are appointed through a process that requires the Court to carefully consider the factors set forth in Rule 23(g), and determine "the applicant best able to represent the interests of the Class." The *AIG* court specifically declined to appoint lead counsel until after class certification.

[5] Of the two cases which are *not* part of the MDL action, one – *Peterson, et al. v. AT&T Corp.*, CA No: 99-CV-4982-JLL-RJH (D.N.J.) – resulted in the denial of class certification (*See* Opinion and Order dated Jan. 9, 2004,

3

Harwood may be lead in a number of cases, many of which may be early in the litigation process, it has few results relative to SNI and Cohen Milstein. *Shell* settled prior to a ruling on a motion to dismiss.[6] Other than this settlement, Harwood's results do not compare to those of either SNI or Cohen Milstein.

Another court rightly concluded that Harwood did "not appear as experienced as [SNI]" or its co-lead counsel. *In re Cardinal Health, Inc. ERISA Litig.,* 225 F.R.D. 552, 558 (S.D. Ohio 2005). That court's conclusion remains true today. Further, Plaintiff Goldstein, who argues that counsel for the Gray Plaintiffs lack ERISA-specific experience, concedes that SNI has sufficient experience in this field. Goldstein Opp. at 4-5.

The Gray Plaintiffs primary claim to experience appears to be their work in the *AIG* case (Gray Opp. at 14,15, 18-19), a case in which they are on a "provisional committee" with two other firms, including Keller Rohrback, LLP. *See* Plaintiffs Shaun Rose and Mark Geroulo's Memorandum in Opposition to the Motions of the Gray and Goldstein Plaintiffs ("Rose and Geroulo Opp."), at 4. Keller Rohrback is one of the leading ERISA class action firms in the country and has served as lead counsel in numerous nationally prominent ERISA class action cases, including *Enron* and *Worldcom*. *See* the Woodward Plaintiffs' Reply Brief in Support of Plaintiffs Shaun Rose and Mark Geroulo's Motion for Consolidation of Related Actions and Appointment of Interim Lead Plaintiffs, Lead Counsel and Liaison Counsel, at 2. Keller Rohrback has far more ERISA class action experience than the other firms on the provisional

---

Supp. Dec. Exh. I), and the entry of summary judgment in favor of the defendants. In the final case, *Salvato v. Zale Corp., et al.*, Index No. 3:06-CV-1124-D (N.D. Tex.), the Court refused to appoint lead counsel. *See* Salvato PACER Docket (printed on December 20, 2007), Supp. Dec. Exh. G, referring to the July 20, 2006 motion for appointment of lead plaintiffs and lead and liaison counsel (docket entry 3), and the Order dated July 27, 2006 denying that motion. Supp. Dec. Exh. H. The court does not appear to have ever revisited the issue. *See* Salvato PACER Docket. Supp. Dec. Exh. G.
[6] Harwood says that SNI played a subordinate role in *Shell*. SNI played no role in that case.

committee. As noted in the Woodward Plaintiff's Reply Brief, Wolf Popper and Harwood appear to have overstated their role in the AIG litigation. *Id.* at 2-4.

### D. SNI and Cohen Milstein Have Sufficient Resources

All counsel in this case have handled big cases around the country and have the resources to prosecute this litigation. SNI and Cohen Milstein have proven that they can successfully handle the largest ERISA class actions in the country. Wolf Popper's involvement in a subset of the securities portion of the massive Tyco MDL litigation (Gray Opp., at 18) is no more remarkable than SNI's involvement, since SNI is co-lead counsel in the Tyco ERISA case.[7]

### E. Geroulo Filed a Stronger Complaint Reflecting a More Thorough Investigation and Analysis and Greater Expertise

#### 1. The Gray Plaintiffs' Complaint Misses Critical ERISA Law Allegations

The Gray Plaintiffs gloss over critical differences between the Complaints. For example, the Gray Plaintiffs claim that they allege that Citigroup's SEC filings are fiduciary representations. Gray Opp. at 20. However, they do not mention those filings in their brief or suggest that they were incorporated by reference into Plan documents. *Id.* Rather, they allege that Citigroup made representations to employees and, in a separate paragraph, that Citigroup made certain public statements. *Id*. The point, however, is that public statements made in a corporate capacity are not actionable under ERISA unless they become fiduciary communications, typically through incorporation by reference into Plan communications. If public statements are not also made in a fiduciary capacity, they are not actionable under ERISA. *In re The Goodyear Tire & Rubber Co. ERISA Litig.,* 438 F. Supp. 2d 783, 795 (N.D. Ga. 2006); *In re Ferro Corp. ERISA Litig.,* 422 F. Supp. 2d 850, 865 (N.D. Ohio, 2006); *In re Sprint Corp. ERISA Litig.,* 388 F. Supp. 2d 1207, 1227 (D. Kan. 2004); *see also* Supp. Dec., ¶2 and n.1.

---

[7] SBTK was lead in the principle securities case which settled for $3.2 billion. Rose and Geroulo Mem. at 13.

The Gray Plaintiffs also contend they have properly alleged that Citibank is liable as a directed trustee and the Administrative and Investment Committees are liable as directing fiduciaries by alleging simply that these Defendants are liable under ERISA's general fiduciary provision, 29 U.S.C. § 1002 (21)(A)(i). Gray Opp. at 22-23. This is incorrect. ERISA has a separate and distinct trustee liability provision, 29 U.S.C. § 1103(a)(1).[8] Allegations of general fiduciary conduct under section 1002 do not encompass claims under this subsection. *In re Worldcom, Inc. ERISA Litig.*, 354 F. Supp. 2d 423, 441-442 and n. 17 (S.D.N.Y. 2005). Similarly, Geroulo alleges that the Administrative and Investment Committees are fiduciaries under Section 1103(a)(1) because they directed Citibank in its capacity as directed trustee. Geroulo Comp. at ¶ 37. This claim is likewise not covered under the Gray Plaintiffs' allegations of general fiduciary conduct.

Concerning investment of Plan assets in the Citigroup Common Stock Fund, although the Gray Plaintiffs reference the Forms 11-k which discuss the Fund, their complaints discuss investing in Citigroup common stock. *See, e.g.,* Gray Complaint at ¶ 4. The Gray Plaintiffs still appear to miss the distinction of the Plan investing in the Fund, and the Fund then investing in Citigroup stock. Rose and Geroulo Opp. at 6-7; Geroulo Compl., ¶¶ 1, 4-5.

### 2. The Geroulo Complaint Is Both Original and Superior

The Gray Plaintiffs contend that the Geroulo complaint is ultimately modeled on the Gray Complaint. They are wrong. First, the class period in *Geroulo* begins on January 1, 2004, while the Complaint in Gray begins on January 1, 2007. Geroulo Compl., ¶ 1; Gray Compl., ¶ 2.

---

[8] Ordinarily, a "directed trustee" is not liable for imprudent investment of plan assets unless it possesses inside information. *In re Worldcom, Inc. ERISA Litig.*, 354 F. Supp. 2d 423, 444-49 (S.D.N.Y. 2005); Dept. of Labor Field Assistance Bulletin 2004-03 (Dec. 17, 2004). However, in this case, Geroulo alleges that Citigroup had millions of residential mortgage customers which it served through branches in 48 states and over the internet and. that Citibank participated in the subprime mortgage lending activities that are the subject of this case and, therefore, knew of the material undisclosed information alleged in the Complaint. Geroulo Compl., ¶ ¶ 36, 53. Thus Geroulo, unlike the Gray plaintiffs, has set forth a specific basis for directed trustee liability.

6

As the Gray Plaintiffs argue in their opposition to Goldstein's Motion, Goldstein's Complaint is weaker to the extent that it does not address Citigroup's conduct prior to October 15, 2007. *See* Gray Plaintiffs' Memorandum of Law in Opposition to the Motion of Steven Goldstein at 5. By the same token, the Gray Complaint is weaker for failing to address misconduct from 2004-06.

The Gray Plaintiffs argue that Geroulo alleges a longer class period based on the earlier-filed *Hammerschlag* securities complaint. Gray Opp. at 13-14. However, the Geroulo Complaint differs significantly from *Hammerschlag*. First, unlike *Hammerschlag* and the Gray Plaintiffs' Complaints, the Geroulo Complaint alleges only misrepresentations in Citigroup's SEC filings which are incorporated by reference into Plan documents and, therefore, are actionable under ERISA. *See* Geroulo Compl., ¶¶ 68-70, 72, 75, 79-80. *Hammerschlag* and the Gray Plaintiffs' Complaints focus primarily on other types of public representations, such as press reports and conference calls. Hammerschlag Compl.*,* ¶¶ 57-83; Gray Compl., ¶¶ 59-93.

Second, *Geroulo* alleges that Citigroup's Forms 10-K for the years 2004-2006 contained false or misleading information. Geroulo Compl., ¶¶68-70, 72, 75, 79-80. *Hammerschlag* does not allege misrepresentations in any pre-2007 SEC filings. In fact, other than vague references to certain unidentified documents, *Hammerschlag* and *Gray* do not identify any alleged misrepresentations prior to 2007. Hammerschlag Compl.*,* ¶¶ 57-83; Gray Compl., ¶¶ 59-93.

Third, *Geroulo* quotes the specific statements from the Forms 10-K that were misleading and the specific reasons for why those statements were misleading. Geroulo Compl., ¶¶ 67-80. Accordingly, *Geroulo* alleges specific facts which are the basis of his claim that the Citigroup Common Stock Fund was an imprudent investment because the price of Fund shares was artificially inflated. The Hammerschlag and Gray Complaints do not. Hammerschlag Compl.*,*

7

¶¶ 57-83; Gray Compl., ¶¶ 59-93. Indeed, the Gray Complaint does not appear to identify any specific misrepresentations or explain why those misrepresentations were false.

All of the Complaints filed in this case obviously share significant similarities. The issue for the Court is not the similarities but the material differences and how those differences affect the claims under ERISA. Here, Geroulo has properly alleged the factual basis for his assertion that the price of Fund shares was artificially inflated while the other Complaints do not.

### 3. Wolf Popper Has Not Done More Useful Work

Wolf Popper, but not Harwood, claims that it has done more work than anyone else. Gray Opp. at 12. Wolf Popper sent an ERISA §104 letter and received a copy of the relevant documents, which all ERISA counsel routinely do, and Geroulo did here. Supp. Dec., ¶ 4 and Exh. B. The other work highlighted by the Gray Plaintiffs is immaterial. For example, appearing on Fox news does nothing to advance this litigation. Likewise, experienced ERISA counsel can – and do – make fairly accurate estimates of Plan damages by reviewing the Plan's transactions set out in the Forms 11-k without wasting time and money on damages experts this early in a case.

Wolf Popper also suggests that the facts it developed are the basis of all of the Citigroup cases. Gray Opp. at 12-13. However, although the paragraphs have been rearranged somewhat, a significant portion of Gray's complaint appears to have been lifted verbatim from a complaint filed by Keller Rohrback in the Countrywide Financial case. *Compare,* Gray Compl., ¶¶ 38-49 with Complaint in *Pro v. Countrywide Financial Corporation, et al*, Case No. cv 07-06252, Supp. Dec. ¶¶87-96, Supp. Dec. Exh. K.

## F. The Largest Loss Is Not a Factor

The Gray Plaintiffs' reliance on the largest loss provision of the PSLRA is misplaced. *See* Rose and Geroulo Opp. at 14-15. Additionally, the PSLRA rules do not apply under Rule 23 because Congress adopted the "largest loss" presumption for selecting counsel under the PSLRA to increase the likelihood that institutional investors with experience in securities litigation and in-house counsel charged with monitoring its selected counsel would serve as lead plaintiffs. *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D. N.Y. 2006). No such investors exist among the participants with accounts in ERISA defined contribution plans. Moreover, the size of the loss could be indicative of many factors, such as salary, position or seniority in management and other factors which could affect the interest in pursuing the litigation. The largest loss does not necessarily translate to the greatest interest. And, no Plaintiff here has anywhere near the substantial losses contemplated by the PSLRA.

Second, as the Gray Plaintiffs admit, a suit under ERISA section 502 (a)(2) must be brought on behalf of the Plan for losses to the Plan as opposed to for individualized damages suffered by individual participants. *See* Gray Plaintiffs Opposition to the Motion of Steven Goldstein at 7. Since these suits are brought in a representative capacity, they share many attributes of a derivative action. *See Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006). Because this suit is brought on behalf of the Plan to enforce the rights of the Plan and recover for losses to the Plan, "the PSLRA is simply not an adequate template from which to determine whom" should be appointed lead counsel. *In re Comverse Technology, Inc. Derivative Litig.*, No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986 * 3 fn. 6 (E.D.N.Y. Sept. 22, 2006).[9] Significantly, the Gray Plaintiffs have cited no case that supports their argument.

---

[9] The largest loss argument also ignores the traditional ERISA damages model which is based on losses suffered by the Plan, not the accounts of individual participants. Individual participant accounts are merely bookkeeping entries

### G. The Number of Supporting Plaintiffs Is Not Relevant

The Gray Plaintiffs continue to argue that they have the support of other plaintiffs. This fact is irrelevant under Rule 23. Rose and Geroulo Mem. at 13; *see also* Goldstein Opp. at 5, fn.2. However, even if it were relevant, it is worth noting that none of the supporting counsel has demonstrated much ERISA class action experience. *See, e.g., Nowack v. Ford Motor Co.,* 240 F.R.D. 355, 365 (E.D. Mich. 2006) (commenting on the ERISA experience of Milberg Weiss, one of the firms supporting the Gray Plaintiffs). For what it is worth, three other Plaintiffs – Francia Brick and William and Patricia Woodward – support Rose and Geroulo.[10]

### CONCLUSION

The bottom line is that the Court should appoint experts in ERISA litigation, not class actions generally. For these reasons, Rose and Geroulo respectfully request that the Court grant their motion, and deny the corresponding motions filed by the Gray Plaintiffs and Steven Goldstein.

---

that reflect a beneficial interest in assets owned by the Plan. The individual accounts do not buy or sell any assets because all transactions occur at the Plan level after netting out changes in the allocation of interests at the individual account level. For example, if on a given day, Participant A wants to buy and Participant B wants to sell 100 shares of the Citigroup Common Stock Fund, the Plan reallocates an interest from B to A by debiting account B and crediting account A through journal entries. No actual purchase or sale of Fund shares occurs by the Plan. Damages suffered by the Plan as a whole are calculated on a daily basis based on net Plan purchases and sales of the Fund after inter-account adjustments. Thus, if on a certain day, 9 accounts allocate 100 shares of the Fund out of their accounts, and 10 other accounts allocate 100 shares of the Fund into their accounts, damages are based on the net Plan purchase of 100 Fund shares.

[10] The argument that the Court should not appoint firms from outside of New York hardly deserves mention. This is not relevant under Rule 23. Class action practice generally, and ERISA class action practice specifically, is a nationwide practice. Counsel for Gray and Goldstein have appeared in cases throughout the country, just as SNI and Cohen Milstein have often appeared in the Southern District of New York. Indeed, in *Worldcom,* Judge Cote appointed Keller Rohrback from Seattle as lead counsel.

DATED:  January 10, 2008

    Respectfully submitted,

            **COHEN, MILSTEIN, HAUSFELD**
              **& TOLL, P.L.L.C.**

            By:_____\s_____
            Lynda G. Grant  (LG-4784)
            Catherine A. Torell (CT-0905)
            150 East 52nd Street
            Thirtieth Floor
            New York, NY 10022
            Telephone:  (212 838-7797
            Facsimile:  (212) 838-7745

            Marc I. Machiz
            1 South Broad Street
            Suite 1850
            Philadelphia, PA 19107
            Telephone:  (215) 825-4016
            Facsimile:  (215) 825-4001

            Bruce F. Rinaldi
            1100 New York Avenue, NW
            Suite 500 West
            Washington, DC  20005-3964
            Telephone:  (202) 408-4600
            Facsimile:  (202) 408-4699

            *Counsel for Plaintiffs Shaun Rose, Mark*
            *Geroulo, and William and Patricia Woodward,*
            *and Proposed Interim Liaison Counsel*

            **SCHATZ NOBEL IZARD, P.C.**
            Robert A. Izard
            Mark P. Kindall
            William Bernarduci (WB-5785)
            20 Church Street, Suite 1700
            Hartford, CT 06103
            Telephone: (860) 493-6292
            Facsimile:  (860) 493-6290

            *Counsel for Plaintiffs Shaun Rose and Mark*
            *Geroulo, and Proposed Interim Lead Counsel*